UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                                    :

THE UNITED STATES OF AMERICA,     :

                                                                    :      **MEMORANDUM DECISION AND**
                    -against-                                :      **ORDER**

DEMETRIUS JOHNSON,                     :      20-cr-239 (BMC)

                                                                    :
                          Defendant.                  :
                                                                      :
----------------------------------------------------------- X

**COGAN**, District Judge.

       Before the Court are defendant Demetrius Johnson's motions to suppress incriminating post-arrest statements he made during successive rounds of questioning. Johnson was questioned four times: twice by NYPD detectives and once by federal officers on the day of his arrest, and then again by NYPD detectives the next day. He argues that because he was given Miranda warnings only once, before the first questioning session, his statements during the following three sessions are inadmissible.

       The initial warnings, however, suffice. "[T]he mere passage of time" does not require officers to re-administer Miranda warnings; renewed warnings are required only when, between periods of questioning, "the circumstances changed so seriously that [the defendant's] answers no longer were voluntary." United States v. James, No. 10-cr-1293, 2011 WL 6306721, at *7 (S.D.N.Y. Dec. 16, 2011) (quoting Wyrick v. Fields, 459 U.S. 42, 47 (1982)); see also United States v. Davis, No. 06-cr-0911, 2009 WL 637164, at *12 (S.D.N.Y. Mar.11, 2009) (officers did not have to renew Miranda warnings upon resuming interrogation after a period of overnight custody). And "whether the sovereign of the agent who gave the warning is the same as the sovereign of the agent to which the defendant later gives an incriminating statement is of no

moment." United States v. Banner, 356 F.3d 478, 480 (2d Cir. 2004), vacated on other grounds, Forbes v. United States, 543 U.S. 1100 (2005).

The only change in circumstances between each of the four questioning sessions was the passage of time and the sovereign of the questioning agents, neither of which require a new set of warnings. Although Johnson argues that the federal agents made him feel "comfortable and safe," that does not indicate that his statements were involuntary. And he does not claim to have been unaware that his interrogators were law-enforcement agents.

Johnson urges the Court to apply the five-factor test laid out in Missouri v. Seibert, 542 U.S. 600 (2004). But the Seibert factors are inapposite. They address so called "two-step" interrogations where an officer obtains incriminating statements from an interrogation without first administering Miranda warnings, and then re-obtains the same incriminating statements after administering Miranda warnings. Seibert provides that those statements are admissible only when the officer takes certain "curative measures" during the second, Miranda-compliant, interrogation. Id. at 622 (Kennedy, J., concurring in the judgment).

This case presents the opposite scenario: The officers did not need to "cure" anything about the first interrogation because the warnings there were administered properly. They needed to readminister the warnings only if the circumstances of Johnson's custody seriously changed, which they did not. Thus, the statements are admissible.

Johnson's motions [1644] [1735] to suppress are denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
    October 13, 2024